UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SHAWN POORE,

*Petitioner-Appellant,*

v.

CECIL H. UNDERWOOD, Governor;
WILLIAM S. HAINES, Warden,
Huttonsville Correctional Center;
SANDRA ILDERTON, Chairperson,
West Virginia Parole Board; JOHN
RAPP; GEORGE SIDIROPOLIS;
QUEWANNCOII C. STEPHENS; DEBORAH
HUCK, Parole Board Members,

*Respondents-Appellees.*

No. 00-7036

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CA-00-257-2)

Submitted: January 23, 2001

Decided: February 12, 2001

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Shawn Poore, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Shawn Poore seeks to appeal the district court's order dismissing his complaint without prejudice as frivolous pursuant to 28 U.S.C.A. § 1915A (West Supp. 2000). Poore challenges the West Virginia Parole Board's actions in denying him parole in 1998 and 1999 despite his statutory eligibility.

An inmate has no constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Federal courts must allow state parole authorities wide discretion. *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977). Even if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure—at most, a statement of reasons for the denial of parole. *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). A federal court must not involve itself in "the merits of either the state's parole statute or its individual parole decisions." *Id.* Under W. Va. Code Ann. § 62-12-13(a) (Michie 2000), the parole board has discretion to grant parole to those eligible, "whenever it is of the opinion that the best interests of the state and of the inmate will be served."

Poore received a statement of the reasons that the parole board cited in denying him parole, and was notified of the next date he would be eligible to apply for parole. Thus, the board complied with the state statute and provided Poore with all the process to which he was entitled. The district court did not err in dismissing Poore's complaint. We deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*